UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R.C. TIPPEN AND CARRIE TIPPEN                CIVIL ACTION

VERSUS                                        NO. 06-7701
                                              c/w 06-8440

REPUBLIC FIRE AND CASUALTY                    SECTION "R" (2)
INSURANCE COMPANY and
HARRY KELLEHER AND CO., INC.


ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. For the following reasons, the Court DENIES plaintiffs' motion.


I.   BACKGROUND

Plaintiffs sued Republic Fire and Casualty Company, their homeowner's insurer, in state court after two of their properties sustained damage as a result of Hurricane Katrina. Republic Fire is incorporated in Oklahoma and has its principal place of

business in Dallas, Texas.[1] Plaintiffs reside in New Orleans and own two properties — one on Springwood Street and the other on Alvar Street — that they insured with Republic Fire homeowner's policies at the time of the storm. They contend that the Springwood property sustained damages in excess of $210,000.[2] They do not indicate in their complaint, however, the amount of damage to the Alvar property or the coverage limits of their policies. Plaintiffs allege that Republic Fire improperly adjusted and underpaid on their insurance claims, and that Republic Fire acted in an arbitrary and capricious manner in so doing. They seek to recover additional payments under their policies, as well as "attorney fees and all other damages as reasonable in the premise, including mental damage and distress" caused by Republic Fire.[3]

Plaintiffs also named Harry Kelleher and Company as a defendant in their state court complaint. Kelleher is the Louisiana-based insurance agency that procured plaintiffs' Republic Fire policies. Plaintiffs obtained their insurance policies through Kelleher in 1999, and they renewed them every

---

[1] *See* Hill Aff. at ¶ 4, Aug. 27, 2007, R. Doc. 19-2 at 2.

[2] Pls.' Cmplt. at ¶ 4, R. Doc. 1-2 at 42.

[3] Pls.' Cmplt. at ¶ 8, R. Doc. 1-2 at 43.

year thereafter through the hurricane.[4] Plaintiffs allege that Kelleher failed to provide them with "representation to Republic Fire to properly adjust and report their claims" and that Kelleher "provided negligent representation, [and] failed to provide [plaintiffs] with a complete copy of the policy to identify all of the terms and conditions to which [plaintiffs] would be entitled."[5] The Court construes these claims against Kelleher as claims for improper adjustment and negligent misrepresentation.

On October 10, 2006, Republic Fire removed this case from state court to federal court, on the ground that diversity jurisdiction exists under 28 U.S.C. § 1332(a).[6] Specifically, defendants contend that plaintiffs improperly joined Kelleher by failing to bring a claim against Kelleher upon which they can recover. Plaintiffs now move to remand. In addition to

---

[4] Republic Fire renewed plaintiffs' policies in effect at the time of Katrina on June 29 and August 12, 2005. *See* Vega Aff. at ¶¶ 4, 9, Aug. 28, 2007, R. Doc. 18-2 at 2; Hill Aff. at ¶¶ 6-11, R. Doc. 19-2 at 3-4.

[5] Pls.' Cmplt. at ¶ 10, R. Doc. 1-2 at 43.

[6] *See* Notice of Removal, R. Doc. 1 at 12. Republic Fire also removed this case on the basis of the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369. In its opposition to plaintiffs' motion to remand, however, Republic Fire no longer argues that MMTJA jurisdiction exists. Because the Court determines that diversity jurisdiction exists, it does not address the parties' arguments about other grounds for removal.

reasserting the allegations in their complaint, plaintiffs also argue that Kelleher failed to advise them of all terms of insurance available to them.

II.  **LEGAL STANDARDS**

    A.  **Applying Louisiana Law**

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (quoting La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (quoting *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an "*Erie* guess" on an issue of Louisiana law, the

Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.    Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in

controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). When it is facially apparent that plaintiffs' claims exceed the jurisdictional amount, the amount-in-controversy requirement is met. *See Allen*, 63 F.3d at 1335. No one disputes that the amount in controversy exceeds $75,000. Although the plaintiffs' complaint does not indicate the coverage amounts of their policies, they allege that they suffered property damage in excess of $210,000 on the Springwood property alone.[7] Plaintiffs also seek attorneys' fees and other damages for Republic Fire's alleged arbitrary and capricious action.[8] Accordingly, the Court finds that the jurisdictional amount is met.

At issue is whether plaintiffs improperly joined the insurance agency that procured their homeowner's policies. When a nondiverse party is properly joined as a defendant, a defendant may not remove the case under 28 U.S.C. § 1332. Here, no one disputes that Kelleher is a Louisiana citizen, which would ordinarily destroy complete diversity between the plaintiffs and defendants. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353

---

[7] *See* Pls.' Cmplt. at ¶ 4, R. Doc. 1-2 at 42.

[8] *See* Pls.' Cmplt. at ¶ 8, R. Doc. 1-2 at 43.

(5th Cir. 2004). But a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[9] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant is unable to state a claim against the nondiverse defendant. *Id.* at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). A reasonable basis for state liability requires that there be a reasonable probability of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion

---

[9] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* In order to survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in plaintiffs' complaint] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

**III. DISCUSSION**

    **A.   Kelleher's Alleged "Failure to Advise"**

As an initial matter, plaintiffs' "failure to advise"

argument, which they raise for the first time in their remand motion, has no bearing on whether removal is appropriate because they do not plead this claim in their complaint. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) ("Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading."); *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54, 56 (E.D. La. 1997) ("Whether or not plaintiffs fraudulently joined the non-diverse defendant is based on an analysis of the causes of action alleged in the state court petition at the time of removal."). Even if this argument were relevant to the Court's analysis, it would not warrant remand because plaintiffs could not recover on such a claim. Insurance agents in Louisiana have a duty only to use reasonable diligence in attempting to place the insurance requested. *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973). Insurance agents do not have a recognized duty to "spontaneously identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage." *Dobson v. Allstate Ins. Co.*, No. 06-252, 2006 WL 2078423, at *10 (E.D. La. July 21, 2006). *See also Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769, 773-74 (La. Ct. App. 2002) (holding that insurance agents do not have a duty to inquire into their insureds' financial condition and recommend that they carry

higher liability limits or purchase an umbrella policy); *Dooley v. Wright*, 501 So. 2d 980, 985 (La. Ct. App. 1987), *writ denied*, 512 So. 2d 442 (La. 1987) (holding that where plaintiff had not requested insurance that would cover his successor liability for a dissolved corporation, "his assumption that [the agent] was obligated to procure such coverage for him was patently unreasonable"). Plaintiffs do not contend that Kelleher assumed any independent duty to advise them about what type of coverage to acquire. Accordingly, the Court finds that plaintiffs could not recover on any failure to advise theory.

      **B.    Kelleher's Alleged Negligent Misrepresentation**

Louisiana recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation. *See Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005); *Devore v. Hobart Mfg. Co.*, 367 So. 2d 836, 839 (La. 1979). Insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. *See, e.g., Venture Assocs., Inc. of La. v. Trans. Underwriters of*

*La.*, 634 So. 2d 4, 6-7 (La. Ct. App. 1994). Plaintiffs vaguely allege that Kelleher "provided negligent representation" and "failed to provide [plaintiffs] with a complete copy of the policy to identify all of the terms and conditions to which [plaintiffs] would be entitled."[10] They do not explain how or when Kelleher misrepresented the terms of their policies. Nor do they explain what aspects of their policies were allegedly missing.

Republic Fire maintains that plaintiffs' claims against their insurance agency, Kelleher, are perempted by the terms of La. Rev. Stat. § 9:5606, which establishes peremptive periods for contract and tort actions brought against insurance agents. The statute provides that

> [n]o action for damages against any insurance agent . . . whether based upon tort or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. The statute became effective in 1991, and it does not apply if the plaintiffs' cause of action accrued

---

[10] Pls. Cmplt. at ¶ 10, R. Doc. 1-2 at 43.

before the effective date. *See* 1991 La. Sess. Law Serv. Act 764 (West). Since plaintiffs obtained the homeonwer's policies at the center of this dispute in 1999, § 9:5606 applies to their claims.

Under the express terms of the statute, regardless of whether plaintiffs sued within one year of discovering their cause of action, their claims are still perempted if plaintiffs did not bring suit within three years of the act, omission, or neglect. La. Rev. Stat. § 9:5606. Further, peremptive statutes are not subject to suspension. *Reeder v. North*, 701 So. 2d 1291, 1297-98 (La. 1997). In addition, subsequent renewals of insurance policies do not restart the prescriptive period on torts committed at the time of initial purchase. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see* also *Bordelon v. The Indep. Order of Foresters*, No. 05-2640, 2005 WL 3543815, at *3 (E.D. La. Oct. 4, 2005). The Louisiana Supreme Court has recognized, under a provision of Louisiana's legal malpractice statute that is analogous to § 9:5606, that the peremptive period controls even if the plaintiff could not have brought her claim before the period expired. *See Reeder*, 701 So. 2d at 1297 ("[T]he cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be

brought within that three-year period.") In *Reeder*, the plaintiff argued that the peremptive period should be suspended for the period of time his case remained on appeal because he had not yet suffered the adverse judgment that gave rise to his damages. *Id.* The Louisiana Supreme Court held that "nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended." *Id.* at 1298. The Louisiana Supreme Court laid any resulting inequities at the feet of the Louisiana legislature. *Id.* at 1297. Louisiana.

The Court finds that plaintiffs' claims are perempted under any viable legal theory. Defendants Republic Fire and Kelleher have submitted unrebutted affidavit evidence that shows plaintiffs obtained their homeowner's policies in 1999, roughly seven years before they brought suit in 2006, and renewed their policies annually.[11] There is no indication, and plaintiffs have not alleged, that at any point since 1999 they requested coverage any different from what they first purchased their homeowner's insurance. They do not even argue that they did not receive copies of their homeowner's policies, only that Kelleher failed to provide them with complete terms. Because there is no indication that Kelleher had occasion to make any

---

[11] *See* Vega Aff. at ¶¶ 4-9, Aug. 28, 2007, R. Doc. 18-2 at 2; Hill Aff. at ¶¶ 6-11, R. Doc. 19-2 at 3-4.

misrepresentations after 1999, the period of peremption began to run with the issuance of the initial policy in 1999.

Plaintiffs mistakenly rely on several cases in which courts found that claims against insurance agents were not perempted and thus those agents were not improperly joined. Those cases involved facts different from the circumstances in this case, and they are inapposite in this context. *See Bernstein v. Allstate Ins. Co.*, No. 06-7969, 2007 WL 496857, at *3 (E.D. La. Feb. 12, 2007) (explaining that plaintiff stated in an affidavit that he had requested insurance from his long-time agent fewer than three years before bringing suit and that the agent had assured plaintiff that he had procured the requested coverage); *Morales v. State Farm Ins. Co.*, No. 06-6336, 2007 WL 519278, at *2 (E.D. La. Feb. 14, 2007) (noting that plaintiff averred in a sworn affidavit that he had met with his insurance agent and requested insurance within the three-year period before filing suit); *Fernandez v. State Farm Ins. Co.*, No. 06-7964, 2007 WL 519231, at *2 (E.D. La. Feb. 13, 2007) (explaining that facts were so underdeveloped that the court could not rule out plaintiff's possibility of recovery); *Plauche v. Auto Club Family Ins. Co.*, No. 06-6416, 2007 WL 519260, at *4 (E.D. La. Feb. 14, 2007) (explaining that plaintiffs' claims against agent could survive a peremption defense because plaintiffs specifically alleged that

agent failed to disclose an unwritten corporate policy of the insurer regarding adjustment procedures that plaintiffs could not reasonably otherwise discover); *Abbott, Simses & Kuchler v. Zurich N. Am.*, No. 06-10003, 2007 WL 519239, at *2 (E.D. La. Feb. 15, 2007) (noting that plaintiff last discussed insurance policy with agent and requested changes and increases fewer than three years before filing suit). Here, plaintiffs have not similarly alleged that they discussed or requested any policy changes or increases that Kelleher failed to effect within the three-year period before filing suit. Nor have they alleged that they were unable to ascertain the terms of their policies through Kelleher's inaction, as was the situation in *Plauche*. Defendants have put forth unrebutted affidavit evidence that indicates plaintiffs obtained their policies in 1999 and renewed them annually. There is no indication that plaintiffs ever requested new policy terms or that Kelleher ever obtained different policies for plaintiffs. In the absence of any allegation or evidence that suggests plaintiffs' or Kelleher's actions somehow triggered a new peremptive period after plaintiffs obtained their policies in 1999, the Court finds that plaintiffs' negligent misrepresentation claims are perempted under La. Rev. State. § 9:5606.

  C. **Kelleher's Alleged Failure to Properly Adjust**

**Plaintiffs' Claims**

Nor is there any merit to plaintiffs' claims for improper adjustment against Kelleher. An insurance agent has a duty to place the insurance requested and notify the client if it fails to obtain the requested insurance. *See Karam*, 281 So. 2d at 730. But insurance agents doe not have an independent duty to adjust an insured's claims or assist in the claims filing or adjustment process. *LaPorte v. Ray Cavignac Ins. Agency, LLC*, No. 06-7181, 2006 WL 3469556, at *2 (Nov. 29, 2006). An insurance agent can assume such a duty if he holds himself out as being responsible for a client's claims adjustment. *See Graves*, 821 So. 2d at 773. Here, however, plaintiffs do not allege that Kelleher promised that it would assist in the process of claims filing and adjusting. Moreover, they have not even attempted to rebut the affidavit of a Kelleher employee, establishing that Kelleher is not involved in claims adjusting and never made any representations to plaintiffs about the claims adjusting process.[12] Thus, plaintiffs cannot recover against Kelleher on their claim for improper adjustment.

**III. CONCLUSION**

---

[12] *Se* Vega Aff. at ¶ 10, R. Doc. 18-2 at 2.

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this  28th  day of November 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE